UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TIDESMART GLOBAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00010-LEW |
| | ) | |
| KENNETH JACKOWITZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

This matter comes before the court on a motion by Plaintiff, TideSmart Global, LLC, to temporarily restrain or preliminarily enjoin Defendant, Kenneth Jackowitz from using any of Plaintiff's proprietary information that Defendant might possess. Because I find that preliminary injunctive relief is not warranted, I deny Plaintiff's motion.

**BACKGROUND**

Plaintiff is a marketing company based in Maine. Because Plaintiff's business is predicated on the provision of client services, Plaintiff maintains a closely-guarded database of client contact information, which information forms an integral part of Plaintiff's business strategy. Defendant is a former employee of Plaintiff who worked as Plaintiff's Chief Strategic Officer. As a condition of his employment, Defendant signed a Confidentiality and Non-Solicitation Agreement, which prohibited Defendant from sharing any of Plaintiff's proprietary information at any time and from soliciting business from Plaintiff's clients for a period of eighteen months following the termination of his

employment.

On November 18, 2021, Plaintiff terminated Defendant's employment after Defendant invested in Reveal, a firm that develops marketing software; ostensibly, such an investment would create a conflict of interest. Plaintiff alleges that, following Defendant's termination but before Defendant lost access to Plaintiff's customer resource management system, Defendant accessed and downloaded the contents of the Plaintiff's customer resource management ("CRM") system. Plaintiff fears that Defendant will use this information to compete with Plaintiff's business.

Plaintiff filed suit in this court. Plaintiff alleges that Defendant's use of Plaintiff's CRM system after his termination violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*, the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836, *et seq.*, and the Maine Uniform Trade Secrets Act, 10 M.R.S. §§ 1541 *et seq.* Plaintiff further alleges that Defendant's exportation of Plaintiff's proprietary client information amounted to conversion under Maine law. Plaintiff seeks damages and injunctive relief that would bar Defendant from making use of Plaintiff's proprietary client information and would require Defendant to return any proprietary client information that he may possess. In the interim, Plaintiff asks this court to preliminarily enjoin or temporarily restrain Defendant from using any of Plaintiff's proprietary information.

## DISCUSSION

The standard for issuing a temporary restraining order is "the same as for a preliminary injunction." *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). (citations omitted). The record before the Court must demonstrate that (1) the plaintiff is

likely to succeed on the merits of a claim for which injunctive relief is available; (2) there is a significant risk of irreparable harm if the injunction is withheld; (3) the balance of the equities favors the issuance of an injunction; and (4) the requested relief will not harm the public interest. *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020). As the party seeking injunctive relief, the plaintiff necessarily bears the burden of establishing that the factors favor the award of a temporary restraining order. *See Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 119-20 (1st Cir. 2011).

Here, my inquiry begins and ends with the second factor, the risk of irreparable harm to Plaintiff in the absence of injunctive relief. In the context of a preliminary injunction or temporary restraining order, an irreparable injury is one which "cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 76 (1st Cir. 2005). In general, economic harms "do not rise to the level of being irreparable" because "traditional economic damages can be remedied by compensatory awards." *NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*, 927 F.3d 1, 5 (1st Cir. 2019) (citation omitted). However, courts may issue a preliminary injunction based on threatened economic harm that "is so great as to threaten the existence of the movant's business." *Id*.

The allegations at the heart of this case—misappropriation of trade secrets and violation of a non-competition agreement—are precisely the sort of purely economic harms for which there exists an adequate remedy at law. *See RF Techs. Corp. v. Applied Microwave Techs., Inc.*, 369 F. Supp. 2d 17, 23 (D. Me. 2005) ("The Court is satisfied that

should Plaintiffs prevail on the unfair competition claim, economic damages will be the appropriate remedy."). For that reason, courts in this circuit generally have declined to treat the loss of business due to impermissible solicitation by a defendant as an irreparable injury for the purpose of a preliminary injunction. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 72 (D. Me. 1993). And while the impermissible use of proprietary information may, in some instances, pose an existential threat to a business warranting the issuance of preliminary injunctive relief, *see NACM-New England, Inc.*, 927 F.3d at 6, Plaintiff has made no suggestion that Defendant's possession of the client information at issue here rises to that level. I thus find no basis to conclude that the issuance of a temporary restraining order or preliminary injunction is necessary. Should Plaintiff ultimately prevail in this lawsuit, economic damages or permanent injunctive relief will be adequate to make Plaintiff whole.

Because I find that Plaintiff has not established the risk of an irreparable injury, I need go no further. A showing of likely irreparable injury generally "constitutes a necessary threshold showing for an award of preliminary injunctive relief." *Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 79 (1st Cir. 2009). Thus where, as here, a plaintiff fails to make such a showing, a district court acts comfortably within its discretion in denying the requested injunctive relief. *See Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). Accordingly, I will not issue a temporary restraining order or preliminary injunction.

## CONCLUSION

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction

(ECF No. 3) is **DENIED**.

    **SO ORDERED.**

Dated this 7th day of April, 2022.

                                           /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE